FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ MAR 30 2016 ★
LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------x
POWER UP LENDING GROUP, LTD.

        Plaintiff,

  -against-

CARDINAL ENERGY GROUP, INC., and
TIMOTHY W. CRAWFORD,

        Defendants.
------------------------------------------------------------x

Civil Action No.:

CV-16 1545

HURLEY, J.

BROWN, M. J.

## COMPLAINT

Plaintiff, POWER UP LENDING GROUP, LTD. ("Plaintiff"), files this Complaint and alleges the following:

### I. SUMMARY

1. Plaintiff brings this action for damages caused by the conduct of defendant Cardinal Energy Group, Inc.("Cardinal"), and defendant Timothy W. Crawford ("Crawford) (collectively, jointly and severally, "the Defendants"). Through this action, Plaintiff seeks to recover losses caused by the Defendants' intentional and/or reckless misconduct, including compensatory damages.

2. That at all relevant times, Crawford has been and remains as Officer and Director of Cardinal.

3. Plaintiff's business strategy at the time of the loans and issuance of the agreements at issue was to invest and make business advancements to small companies such as Cardinal that are often capital constrained, as their lack of credit and liquidity hinders their

access to banks or other conventional lenders. The Plaintiff provides capital to such companies with the advances to be secured as described below.

4.   That Plaintiff advanced $128,000 to Cardinal which has not been repaid, and has sustained damages in excess of $152,000 exclusive of attorney's fees, pre judgment interest and costs.

## II.   JURISDICTION AND VENUE

5.   Defendants, directly and indirectly, singly or in concert, made use of the means and instrumentalities of interstate commerce, the means and instruments of transportation and communication in interstate commerce, or of the mails in connection with the acts, practices and courses of conduct alleged in this Complaint, certain of which occurred within the Eastern District of New York. Further, the Defendants have contractually agreed to jurisdiction and venue in the U.S. District Court for the Eastern District of New York.

6.   Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b), because certain of the transactions, acts, practices, and courses of conduct constituting violations of duties committed by the Defendants occurred within this judicial district. Additionally, Plaintiff transacts business and maintains its principal place of business in this district.

7.   That in connection with the acts alleged in this Complaint, the Defendants directly or indirectly used the means and instrumentalities of interstate commerce, including, but not limited to, the mails, interstate telephone communications, and other interstate communications.

## PARTIES

8.   That at all times relevant herein, Plaintiff has been and remains a corporation organized and existing under the laws of the State of Virginia, authorized to do business in the State of New York, with an office for business in the State of New York, County of Nassau.

9. That at all times relevant herein, Cardinal has been and remains a corporation organized and existing under the laws of the State of Texas, with an office for business in the State of Texas.

10. That at all times relevant herein, defendant Crawford (hereinafter "the Individual Defendant") has been and remain residents of the State of Texas.

### III. FACTUAL ALLEGATIONS

11. That heretofore and from time to time, the Defendants have materially breached their contractual obligations to the Plaintiff, causing the Plaintiff to sustain substantial damages.

12. That as a result of these material breaches of contract, the Plaintiff has sustained damages of at least $152,000.

### AS AND FOR A FIRST CAUSE OF ACTION
### FACTORING AGREEMENT DEFAULTS

13. Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 12 of this Complaint with the same force and effect as if fully set forth at length herein.

14. That on or about November 12, 2015, Cardinal, as borrower, made, executed and delivered to Plaintiff a Revenue Based Factoring Agreement ("the Agreement") in the amount of $128,000, with an initial loan amount of $128,000, a repayment amount of $172,800 and a specific daily repayment amount of $632.97.

15. That the Agreement provided that venue for any action between the parties would be in an approved forum at the option of the Plaintiff, and that Cardinal would waive any objection to jurisdiction and/or venue.

16. That as described above, the Agreement provided that the repayment amount would be paid to the Plaintiff via "ACH", to wit, automatically and electronically by withdrawing the daily amount of $632.97 from a designated bank account to be maintained by

Cardinal, which daily amount would then be transmitted to the Plaintiff's designated bank account.

17. That the Agreement further provided that in the event that Cardinal failed to electronically remit the daily amount of $632.97 to the Plaintiff via the ACH method, on more than four occasions, that Cardinal would automatically be in default under the Agreement and that the Plaintiff would thereafter be entitled to exercise all of its remedies thereunder, including the immediate repayment of the repayment amount and an additional charges and fees.

18. That on December 24, 28th, 29th, 30th and 31st, 2015, Cardinal failed to make the required daily payments on each day. That moreover, Cardinal has failed to make any payments after February 2, 2016.

19. That as a result, Cardinal fell into default under the Agreement, and the Plaintiff is therefore entitled to exercise all of its remedies thereunder.

20. That as the date hereof, Cardinal has repaid only $28,089.10 of the repayment amount, leaving a balance due thereunder of $144,710.90.

21. That further, and again pursuant to the terms and conditions of the Agreement, Cardinal owes an additional $5,000 as a default fee for having defaulted under the Agreement and an additional $2,500 as a bank default charge for having impeded the authorized ACH process, all in violation of the Agreement.

22. That Cardinal owes the plaintiff the sum of $152,210.90 for money lent by Plaintiff to Cardinal on November 12, 2015 and that Cardinal has failed to pay, despite due demand.

23. That as a result of the foregoing, the Plaintiff is entitled to judgment against Cardinal for the sum of $152,210.90. A true copy of a Notice of Default dated March 18, 2015 that was served upon Cardinal is annexed hereto and incorporated herein as if set forth at length.

## AS AND FOR A SECOND CAUSE OF ACTION
## BREACH OF SECURITY AGREEMENT AND GUARANTY

24. Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 23 of this Complaint with the same force and effect as if fully set forth at length herein.

25. That in order to secure repayment under the Agreement, and as an express condition thereto, Cardinal also executed and delivered to the Plaintiff a Security Agreement and Guaranty on June 9, 2015 which conferred a security interest in favor of the Plaintiff in the collateral of Cardinal, including all accounts, chattel paper, cash, equipment, inventory and investment property.

26. That the Plaintiff properly and timely perfected its security interests in all of the foregoing collateral, thereby obtaining a perfected security interest in the collateral pursuant to Article 9 of the Uniform Commercial Code.

27. That by reason of the foregoing, the Plaintiff is entitled to foreclose on its perfected security interests and to have all such collateral sold or otherwise disposed of in conformity with Article 9 of the Uniform Commercial Code.

## AS AND FOR A THIRD CAUSE OF ACTION
## BREACH OF CONTRACT – LITIGATION EXPENSES

28. Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 27 of this Complaint with the same force and effect as if fully set forth at length herein.

29. That the Agreement and the Security Agreement and Guaranty provide that in the event of a default, the Plaintiff shall be entitled to recover all of its reasonable costs associated with such default including but not limited to court costs and reasonable attorneys fees.

## AS AND FOR A FOURTH CAUSE OF ACTION – FRAUD

30. Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 29 of this Complaint with the same force and effect as if fully set forth at length herein.

31. That prior to the making of the advancement referenced above, Cardinal and the Individual Defendant provided the Plaintiff with documentation reflecting that Cardinal would be able to repay the amount of the loan to the Plaintiff in conformity with the Agreement.

32. That among these documents was financial information, asset information, alleged receipts of income and banking records.

33. That the information provided by the Defendants was false and know by the Defendants to be false at the time that the information and documentation was provided.

34. That the Plaintiff relied upon the misrepresentation of the Defendants in making the advancement and entering into the Agreement and would not have made the loan but for these false misrepresentations.

35. That the Plaintiff was damaged by these misrepresentations by making an advance of $128,000 to the Defendants, only $28,089.90 which has been repaid, such that Plaintiff has suffered damages of $152,210.90.

36. That the Plaintiff is entitled to judgment against all of the Defendants in the sum of $152,210.90.

37. That by reason of the foregoing, Plaintiff is entitled to a judgment against Defendants for the reasonable legal fees and litigation expenses paid or incurred in this action.

WHEREFORE, Plaintiff demands judgment against Defendants as follows:

(i) For $152,210.90 on the First Cause of Action;

(ii) For foreclosure of Plaintiff's security interests against the collateral of Cardinal on the Second Cause of Action;

(iii) Awarding Plaintiff its reasonable legal fees and costs of litigation on the Third Cause of Action;

(iv) For $152,210.90 on the Fourth Cause of Action; and

(v) Together with the costs and disbursements of this action, interest at the rate of default as set forth in the Loan Agreement; pre-judgment interest as provided by statute, and such other and further relief as the Court may deem just and proper.

Dated: Great Neck, New York
       March 29, 2016

NAIDICH WURMAN LLP
Attorneys for Plaintiff

By: _____
    Richard S. Naidich, Esq. (RSN 4102)
111 Great Neck Road, Suite 214
Great Neck, NY 11021
Telephone:   516-498-2900
Facsimile:   516-466-3555

7

# NAIDICH WURMAN LLP
### Attorneys at Law

RICHARD S. NAIDICH
KENNETH H. WURMAN

JUDAH A. EISNER

111 GREAT NECK ROAD, SUITE 214
GREAT NECK, NEW YORK 11021
TELEPHONE (516) 498-2900
FACSIMILE (516) 466-3555

BERNARD S. FELDMAN
ROBERT P. JOHNSON

OF COUNSEL

March 18, 2016

## NOTICE OF DEFAULT

*VIA E-MAIL (tcrawford@cegx.us;*
*& REGULAR MAIL*

Cardinal Energy Group, Inc.
6037 Franz Road, Suite 103
Dublin, OH 43017
Attn:  Timothy W. Crawford
       Chief Executive Officer

RE: Power Up Lending Group Ltd. with Cardinal Energy Group, Inc.

Dear Mr. Crawford:

This office is special counsel to Power Up Lending Group Ltd., who has authorized this office to prepare and forward to you this Notice of Default. As you know, Power Up Lending Group Ltd. (the "Purchaser") acquired future accounts receivable from Cardinal Energy Group, Inc. (the "Merchant") and the Merchant executed, among other things a Revenue Based Factoring Agreement (the "Agreement"). The Agreement provides in pertinent part that the Merchant shall be in default if it fails to conduct its business in the ordinary course of its business consistent with its past practice by failing to make the agreed payments and/or changes its credit card processing system, and/or intentionally blocks the account thereby preventing Power Up Lending Group Ltd. from withdrawing payments from the account, the result of which diverts the Merchant's credit card receipts to the detriment of Power Up Lending Group Ltd.

Based upon the foregoing, the Merchant is now in default under the Agreement. Demand is hereby made for the immediate payment of the presently outstanding Receipts Purchased Amount, together with all unpaid fees due under the Agreement.

Very truly yours,

Bernard S. Feldman,
Of Counsel

BSF:adm
cc: Power Up Lending Group Ltd.

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK         Civil Action No.:

POWER UP LENDING GROUP, LTD.,

                Plaintiff,

    -against-

CARDINAL ENERGY GROUP, INC., and
TIMOTHY W. CRAWFORD,

                Defendants.

## SUMMONS AND COMPLAINT

**NAIDICH WURMAN LLP**
**ATTORNEYS FOR PLAINTIFF**
**111 GREAT NECK ROAD - SUITE 214**
**GREAT NECK, NEW YORK 11021**
**(516) 498-2900**

Pursuant to 22 NYCRR 130-1.1, the undersigned, an attorney admitted to practice in the courts of New York State, certifies that, upon information and belief and reasonable inquiry, the contentions contained in the annexed document are not frivolous.

DATED: March 29, 2016        Signature:
                                      Print: Richard S. Naidich, Esq.

Service of a copy of the within        is hereby admitted.
Dated:
                                      Attorney(s) for

PLEASE TAKE NOTICE

NOTICE       that the within is a (certified) true copy of an Order entered
OF ENTRY   in the office of the clerk of the within named Court on      , 20_____.

NOTICE OF    that an Order of which the within is a true copy will be presented for
SETTLEMENT settlement to the Hon.           , one of the judges of
               within named Court, at        on     , 20_____ at
               a.m.

DATED: Great Neck, New York
         March 29, 2016          NAIDICH WURMAN LLP
                                       Attorneys for Plaintiff
                                       111 Great Neck Road - Suite 214
                                       Great Neck, New York 11021
                                       (516) 498-2900