Berlin
New York
Stamford

Patrick J. McHugh
pmchugh@mhr-lewis.com
203 244 0646

September 27, 2019

**VIA FEDERAL EXPRESS**

Hon. Denis R. Hurley
100 Federal Plaza
Central Islip, New York 11722

**Pre-Motion Conference Letter**
**Courtesy Copy - Original filed by**
**ECF under Docket No. 51**

Re: *Power-Up Lending Group, LTD. v. Cardinal Energy Group, Inc. et al.*
2:16-cv-1545 (DRH) (GRB)

Dear Judge Hurley,

Undersigned counsel for defendant Timothy W. Crawford submits the following pre-motion conference letter which, as set forth herein, requests leave of Court to file an amended answer with cross-claim against Defendant Cardinal Energy Group, Inc. ("Cardinal") under the liberality standard of FED. R. CIV. P. 15 based on the facts and circumstances which reflect that justice so requires.

Undersigned counsel separately requests by this pre-motion conference letter that, in light of the recent activity and filings in this case (which appear to be conflicting in large measure), an in-person status conference with the Court which would be of great benefit to address outstanding issues and how best the Court deems it fit for the parties to proceed.

Compare:

- **ECF Docket No. 21** Letter application seeking summary judgment against corporate defendant and *dismissal without prejudice against individual defendant*;"
- **ECF Docket No. 45** Plaintiff withdraws all remaining causes of action against the Corporate defendant, *leaving "only the fourth cause of action for fraud which is asserted only against the individual defendant Timothy W. Crawford;"*

- **ECF Docket No. 47** First *Motion to Vacate Order Granting Summary Judgment* by Cardinal; and

- **ECF Docket No. 49** Plaintiff seeking to continue "the *Second and Third Causes of Action against the defendant Timothy W. Crawford.*"

(Emphasis supplied).

It is the understanding of undersigned counsel for Mr. Crawford that the deadline for discovery in this civil action has passed; settled case law makes clear that pleadings may (indeed, should) be amended at any time to conform to the facts and evidence as such facts and evidence exist before the Court. Prior counsel to Cardinal withdrew as counsel for both defendant Cardinal and Mr. Crawford. (*See* **ECF Docket Order** of March 8, 2018). Replacement counsel appeared for defendant Cardinal only, not Mr. Crawford. (*See* **ECF Docket No. 26**). A responsive pleading had previously been filed on behalf of all defendants by prior counsel. (*See* **ECF Docket No. 6**). Substitute counsel appearing for defendant Cardinal filed an amended answer (*see* **Docket No. 35**), but did so only as to defendant Cardinal. It is appropriate that Mr. Crawford be permitted leave to file an amended complaint on his own behalf.

As to the request for a cross-claim to be asserted against defendant Cardinal, Mr. Crawford made demand for indemnity and defense (including advancement of attorneys' fees) by letter dated September 3, 2019. Defendant Cardinal admitted in and by response letter dated September 11, 2019:

> We have received your letter of September 3, 2019 and have reviewed your demand. Provided that there is no finding of unlawful activity on Mr. Crawford's behalf [and there has not been any such finding], *the Company is required to indemnify him pursuant to its Bylaws.*
>
> However, we need to make clear to you that Cardinal has absolutely no funds to pay for any past or future legal fees.

(Emphasis supplied).

In fairness to Mr. Crawford, he should receive – and respectfully hereby requests – leave to cross-claim against defendant Cardinal, and thereafter have FED. R. CIV. P. 12(c) judgment entered, based upon such pleading *and* Cardinal's admission; a matter that does not require discovery.

"The court should freely give leave [to amend] when justice so requires." FED. R. CIV. P. 15(a)(2); see *Amaya v. Roadhouse Brick Oven Pizza, Inc.*, 285 F.R.D. 251, 253 (E.D.N.Y. 2012) ("A court should freely give leave [to amend] when justice so requires and such leave is in the

court's discretion.") (internal quotation marks omitted). See also *Assam v. Deer Park Spring Water, Inc.*, 163 F.R.D. 400, 404 (E.D.N.Y. 1995) ("Federal Rule of Civil Procedure 15(a) dictates that motions to amend complaints be liberally granted absent a good reason to the contrary, allowing disputes to be resolved upon the merits rather than on the basis of procedural technicalities.").

It is significant to note that the court "should freely give leave when justice so requires." FED. R. CIV. P. 15(a)(2); *Iqbal v. Ashcroft*, 574 F.3d 820, 822 (2d Cir. 2009) (quoting FED. R. CIV. P. 15(a)(2)); *Grace v. Rosenstock*, 228 F.3d 40, 56 (2d Cir. 2000) (same); *Guideone Specialty Mut. Ins. Co. v. Hapletah*, 2006 WL 1455468, at *1 (E.D.N.Y. May 24, 2004) ("[Rule 15(a) ] provides for a liberal amendment of pleadings."). The liberal standard established by Rule 15(a) requires only that the movant provide "colorable grounds" for the relief sought. *Alkhatib v. New York Motor Group*, LLC, 2015 WL 3507340, at *7 (E.D.N.Y. June 3, 2015) ("If the movant has at least colorable grounds for relief, justice ... requires that the court grant leave to amend the complaint.").

In addition to Mr. Crawford's request seeking leave to amend, there is a sufficient lack of clarity demonstrated by the filings of the plaintiff and Cardinal. *See supra*. Accordingly, defendant Crawford respectfully requests a conference with the Court.

Respectfully,

Patrick J. McHugh

Patrick J. McHugh

Cc: counsel of record (via the Court's ECF docketing and electronic notice to counsel)