UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------X
POWER UP LENDING GROUP, LTD.,

                     Plaintiff,                **MEMORANDUM AND ORDER**
                                                                    2:16-cv-1545 (DRH)(ST)

   - against –

CARDINAL ENERGY GROUP, INC. and
TIMOTHY W. CRAWFORD,

                     Defendants.
--------------------------------------------------------X

**APPEARANCES**

**NAIDICH WURMAN LLP**
Attorneys for Plaintiff
111 Great Neck Road, Suite 214
Great Neck, NY 11021
  By:    Richard S. Naidich, Esq.
            Robert P. Johnson, Esq.

**THE BASILE LAW FIRM**
Attorney for Defendant Cardinal Energy Group, Inc.
400 Jericho Turnpike, Suite 104
Jericho, NY 11753
  By:    Mark R. Basile, Esq.

**HURLEY, Senior District Judge:**

## INTRODUCTION

Plaintiff Power Up Lending Group, LTD. ("Plaintiff") brought the instant action for breach of contract and fraud against Defendants Cardinal Energy Group, Inc. ("Cardinal") and Timothy W. Crawford ("Crawford," together with Cardinal, "Defendants"). Presently before the Court are Defendant Cardinal's Rule 60(b) motion to vacate this Court's April 3, 2019 Memorandum and Order granting summary judgment on Plaintiff's breach of contract claim (the "Summary Judgment Order") and Plaintiff's Rule 54(b) motion to enter judgment against Cardinal based on the Summary Judgment Order. For the reasons set forth below, Defendant Cardinal's motion is denied and Plaintiff's motion is granted.

## BACKGROUND

The Court assumes the parties' familiarity with the facts, *see Power Up Lending Grp., Ltd. v. Cardinal Energy Grp., Inc.*, 2019 WL 1473090 (E.D.N.Y. Apr. 3, 2019), but finds it useful to provide a summary of the procedural history of this case.

Defendants have caused delays throughout the course of this action, which has been pending since March 30, 2016. (ECF No. 1.) On March 13, 2017, Plaintiff made a letter application for a pre-motion conference in anticipation of moving for summary judgment against Cardinal and dismissal without prejudice against Crawford. (ECF No. 21.) Neither defendant responded to this request, and on March 31, 2017, I set a briefing schedule for Plaintiff's motion. Plaintiff filed its motion for summary judgment on June 2, 2017. (ECF No. 22.) Defendants did not oppose the motion on the date set in the briefing schedule, and over six months went by without any activity from Defendants.

On December 15, 2017, one of Defendants' attorneys, John P. Falcone, moved to withdraw from the case due to "non-existent" communication with Defendants and because his legal fees had not been paid. (ECF No. 23.) On December 21, 2017, Defendants' other attorney, Brian Zets, moved to withdraw because Defendants had retained new counsel. (ECF No. 25.) On December 22, 2017, Mark Basile entered an appearance on behalf of Defendant Cardinal only. (ECF No. 26.) That same day, Mr. Basile filed a letter with the Court requesting leave to amend the answer on behalf of Defendant Cardinal to include an affirmative defense of criminal usury and for an extension of time to respond to Plaintiff's motion for summary judgment, or alternatively, to move to dismiss the complaint. (ECF No. 28.)

Defendant Cardinal's request was granted, and on April 6, 2018, it filed an amended answer. (ECF No. 35.) On June 14, 2018, Defendant Cardinal filed its opposition to Plaintiff's motion for summary judgment, which was resubmitted that month. (ECF No. 39.) On March 26, 2019, Plaintiff withdrew the part of its motion that sought to dismiss Defendant Crawford. (ECF No. 40.) On April 3, 2019, I granted Plaintiff's motion for summary judgment on its breach of contract claim, finding that the agreement between the parties was a merchant funding agreement, not a loan, and that New York's usury laws therefore did not apply to the agreement. (ECF No. 41.) Because Plaintiff had other outstanding claims against both Defendants Cardinal and Crawford, no judgment was entered at that time.

In late August of 2019, Plaintiff withdrew its remaining causes of action against Defendant Cardinal, leaving the breach of contract claim that it had already been granted summary judgment on and its claim for fraud against Defendant Crawford. (ECF No. 45.) Plaintiff then submitted a proposed judgment for the Court to enter against Defendant Cardinal. (ECF No. 46.) Because a claim against Defendant Crawford, for whom a new attorney had

recently appeared, still remained, I directed Plaintiff to make a motion pursuant to Federal Rule of Civil Procedure 54(b) to enter judgment as to Defendant Cardinal. Plaintiff did so as directed. (ECF No. 49.)

The day before Plaintiff was due to serve its Rule 54(b) motion, Defendant Cardinal filed a motion to vacate the Summary Judgment Order pursuant to Federal Rule of Civil Procedure Rule 60(b). (ECF No. 47.) In the time since the parties filed their motions, Mr. Basile has moved to withdraw as attorney for Defendant Cardinal due to its failure to pay Mr. Basile's legal fees. (ECF No. 58.) Additionally, Defendant Crawford filed an amended answer with a crossclaim for indemnification against Defendant Cardinal. (ECF No. 61.) After a principal for Defendant Cardinal twice failed to appear before Magistrate Judge Tiscione, a certificate of default was entered against Defendant Cardinal with respect to Plaintiff's claim and Defendant Crawford's crossclaim. (ECF No. 70.)

## DISCUSSION

### I.  Federal Rule of Civil Procedure 60(b) Standard

Pursuant to Rule 60(b) a court may relieve a party from a final judgment for the following reasons "mistake, inadvertence, surprise or excusable neglect" or "any other reason that justifies relief." Fed. R. Civ. Pro. 60(b)(1); 60(b)(6). "A motion under Rule 60(b) is addressed to the sound discretion of the trial court." *Velez v. Vassallo*, 203 F. Supp. 2d 312, 333 (S.D.N.Y. 2002) (citing *Mendell in Behalf of Viacom, Inc. v. Gollust*, 909 F.2d 724, 731 (2d Cir. 1990)). Nonetheless, the Second Circuit has cautioned that Rule 60(b) provides "extraordinary judicial relief" to be granted "only upon a showing of exceptional circumstances." *Nemaizer v. Baker*, 793 F.2d 58, 61 (2d Cir. 1986). "Relief under Rule 60(b) is generally not favored . . . ." *Ins. Co, of N. Am. v. Pub. Serv. Mut. Ins. Co.*, 609 F.3d 122, 131 (2d Cir. 2010) (internal citation

and quotation marks omitted). In evaluating a Rule 60(b) motion, the courts of this circuit also require that the evidence in support of the motion be highly convincing, that the movant show good cause for the failure to act sooner, and that no undue hardship be imposed on the other parties as a result. *See, e.g.*, *Kotlicky v. U.S. Fidelity & Guar. Co.*, 817 F.2d 6, 9 (2d Cir. 1987); *Williams v. New York City Dept. of Corr.*, 219 F.R.D. 78, 84 (S.D.N.Y. 2003).

II.     *Federal Rule of Civil Procedure 54(b) Standard*

Rule 54(b) states in relevant part: "When an action presents more than one claim for relief—whether as a claim, counterclaim, crossclaim, or third-party claim—or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay." Fed. R. Civ. Pro. 54(b). "Rule 54(b) is designed to facilitate the entry of judgments upon one or more but fewer than all claims ... in an action involving more than one claim.... The basic purpose of Rule 54(b) is to avoid the possible injustice of a delay in entering judgment on a distinctly separate claim ... until the final adjudication of the entire case by making an immediate appeal available." Wright & Miller, 10 Federal Practice and Procedure § 2654 (1998). However, "[r]espect for the historic federal policy against piecemeal appeals requires that a Rule 54(b) certification not be granted routinely. The power should be used only in the infrequent harsh case where there exists some danger of hardship or injustice through delay which would be alleviated by immediate appeal." *Citizens Accord, Inc. v. Town of Rochester*, 235 F.3d 126, 128–29 (2d Cir. 2000) (per curiam) (internal citations and quotation marks omitted). *See also Curtiss–Wright Corp. v. Gen. Electric Co.*, 446 U.S. 1, 8, 100 S.Ct. 1460, 64 L.Ed.2d 1 (1980) (examining the "historic federal policy against piecemeal appeals"). Although the decision to grant a Rule 54(b) application is left to the sound discretion of the district court, such

discretion should be exercised "sparingly." *Novick v. AXA Network, LLC*, 642 F.3d 304, 310 (2d Cir.2011).

III.  *Defendant Cardinal's Motion to Vacate the Summary Judgment Order is Denied*

As noted above, Rule 60(b) applies to final judgments, orders, or proceedings. "The prevailing rule in this Circuit and elsewhere is that an order is final for purposes of Rule 60(b) when it is appealable." *In re Shengdatech, Inc. Sec. Litig.*, 2015 WL 3422096 at *3 (S.D.N.Y. May 28, 2015) (collecting cases). For purposes of an appeal, a final judgment or order is "one that conclusively determines all pending claims of all parties to the litigation, leaving nothing for the court to do but execute its decision." *Petrello v. White*, 533 F.3d 110, 113 (2d Cir. 2008).

Here, the Summary Judgment Order is not final and therefore Rule 60(b) does not apply. Indeed, the Summary Judgment Order explicitly stated: "[g]iven that [certain claims against Defendant Cardinal] as well as the claims against Defendant Crawford remain, no judgment will be entered at this time." *Power Up Lending Grp., Ltd*, 2019 WL 1473090 at *6. The decision's lack of finality is further evidenced by the Court's order directing Plaintiff to file a Rule 54(b) motion to enter judgment against Defendant Cardinal. (*See* Docket Entry dated August 30, 2019 ("As there is one remaining defendant in this action, Plaintiff must make a motion pursuant to Rule 54(b) before the Court may enter judgment as to the corporate defendant.")) In any event, Defendant Cardinal does not meet the high standard for a Rule 60(b) motion. Accordingly, its motion to vacate the Summary Judgment Order is denied.[1]

IV.  *Plaintiff's Rule 54(b) Motion for Entry of Judgment is Granted*

"Rule 54(b) contains three prerequisites for concluding that a decision or order is a final judgment: (1) multiple claims or multiple parties must be present, (2) at least one claim, or the

---

[1] To the extent Defendant Cardinal intended its motion as one for reconsideration under Local Rule 6.3, its motion, filed five months after the Summary Judgment Order, is untimely.

rights and liabilities of at least one party, must be finally decided within the meaning of 28 U.S.C. § 1291, and (3) the district court must make an express determination that there is no just reason for delay and expressly direct the clerk to enter judgment." *In re Air Crash at Belle Harbor, 490 F.3d 99*, 108–09 (2d Cir.2007) (internal quotations omitted) (quoting *Ginett v. Computer Task Group, Inc.*, 962 F.2d 1085, 1091 (2d Cir.1992)).

Here, there is no dispute that the first element is met as there are multiple claims and parties in this case.  As for the second element, Defendant Cardinal argues that the finality component is not met because of its Rule 60(b) motion, however, as discussed above, that motion has been denied.  (Def.'s Rule 54(b) Opp. [ECF No. 52] at 3.)  Thus, the only issue to be determined at this point is whether there is any just reason for delay.

"Given the wide range of discretion conferred on the trial judge in deciding whether there is no just reason for delay, the district court should feel free to consider any factor that seems relevant to a particular action, keeping in mind the policies the rule attempts to promote."  10 Wright & Miller, Federal Practice and Procedure § 2659 (4th ed.)  Some factors courts have considered include the relationship between the adjudicated and unadjudicated claims, the possibility that the need for review might be mooted by future developments in the district court, the possible impact of an immediate appeal on the remaining trial proceedings, and the practical effects of allowing an immediate appeal.  *Id.*, Pl.'s Mem. at 5-6.

Plaintiff notes in its brief that one reason where just reason for delay might be found is where there is a default judgment against any party.  In the time since the parties filed their briefs, a certificate of default has been entered against Defendant Cardinal.  Nonetheless, the concerns about a default judgment as outlined in the case cited by Plaintiff, *Phoenix Renovation Corp. v. Gulf Coast Software, Inc.*, 197 F.R.D. 580 (E.D. Va. 2000), in particular that "premature

entry of default judgment against one defendant risks unavoidable inconsistency with a later judgment concerning the other defendants in the same action," are not present here. (Pl.'s Rule 54(b) Mem. in Supp. [ECF No. 49-3] at 4.) Here, the Court has already considered the merits of the breach of contract claim against Defendant Cardinal and granted summary judgment in Plaintiff's favor over a year ago, as opposed to a "factually meritless default judgment." *Phoenix Renovation Corp.*, 197 F.R.D. at 582. The subsequent default was based on Defendant Cardinal's failure to pay its counsel or otherwise appear more recently in this proceeding.

Additionally, Defendant argues that that remaining claim for fraud against Defendant Crawford "is related to the parties' entering into the contract and the alleged subsequent breach," and that the Rule 54(b) motion should therefore be denied. (Def.'s Rule 54(b) Opp. at 3.) Plaintiff contends that the claims are different and that Defendant Crawford "and his counsel do not oppose the request for entry of judgment." (Pl.'s Rule 54(b) Mem. in Rep. at 2.) The Court agrees that the claims are separate and finds no other just reason for delaying entry of final judgment against Defendant Cardinal. *See also Woods v. Maytag Co.*, 2010 WL 4314313, at *12 (claim for fraudulent inducement separate from breach of contract claim in New York) (collecting cases). Indeed, given the attendant circumstances of Defendant Cardinal no longer participating in this action and the various indications that it might be insolvent, Plaintiff would suffer harm in further delaying entry of judgment and, in turn, its ability to collect on such judgment. Furthermore, given the recent entry of a Certificate of Default against Defendant Cardinal, entering judgment against Defendant Cardinal at this time would conserve judicial resources and eliminate the need for motion practice related to the default judgment.

## CONCLUSION

For the foregoing reasons, Defendant Cardinal's Rule 60(b) motion to vacate the Summary Judgment Decision is denied and Plaintiff's Rule 54(b) motion to enter judgment on that Decision is granted.  The Clerk of Court is directed to enter judgment pursuant to Rule 54(b) in favor of Plaintiff against Defendant Cardinal on its breach of contract claim in the amount of $152,210.90.

**SO ORDERED.**

Dated:  Central Islip, New York
        May 21, 2020

                                                         s/ Denis R. Hurley
                                                        Denis R. Hurley
                                                        United States District Judge