UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
POWER UP LENDING GROUP, LTD.,

                     Plaintiff,                **REPORT AND RECOMMENDATION**

   -against-                                   16-CV-1545 (HG)

CARDINAL ENERGY GROUP, INC. and
TIMOTHY W. CRAWFORD,

                     Defendants.
----------------------------------------------------------X

**TISCIONE, United States Magistrate Judge:**

Before the Court is a motion for default judgment by Defendant and Crossclaim Plaintiff Timothy W. Crawford, ("Crawford") against Defendant and Crossclaim Defendant Cardinal Energy Group, Inc., ("Cardinal") for failure to appear or defend against Crawford's claim for indemnification.

For the reasons set forth below, the Court respectfully recommends that Plaintiff's motion be GRANTED, in part, and DENIED, in part, and that Plaintiff be awarded damages as described herein.

## BACKGROUND

Power Up Lending Group, LTD., ("Plaintiff") commenced this action against Crawford and Cardinal on March 30, 2016. *See* Order Dated Feb. 11, 2022 at 5, ECF No. 97. Originally, Cardinal secured counsel for both itself and Crawford. *Id* at 6. However, counsel subsequently withdrew, and new counsel entered an appearance solely for Cardinal. *Id*. Crawford then retained his own counsel, who submitted an Amended Answer on behalf of Crawford which included a cross-claim against Cardinal seeking indemnification for costs associated with defending this action pursuant to Cardinal's bylaws. Crawford Br. at 2, ECF No. 110.

- 1 -

Cardinal's second counsel eventually moved to withdraw as well and, after failing to secure new counsel, this Court granted counsel's motion to withdraw and instructed the Clerk of Court to enter a default against Cardinal for failing to defend against Crawford's cross-claim. Min. Order Dated Apr. 17, 2020, ECF No. 68. The Court also found Cardinal in default for failing to defend against Plaintiff's claims, resulting in a default judgment award of $152,210.90. Min. Order Dated May 21, 2020, ECF No. 72.

Plaintiff and Crawford subsequently reached a settlement on Plaintiff's claims as to Crawford, at which time this Court instructed Crawford to file a motion for default judgment on his cross-claim against Cardinal. Min. Order Dates October 13, 2022, ECF No. 104. Judge Gonzalez referred the motion for default judgment to me to issue this Report and Recommendations.

## DISCUSSION

**I. Default Judgment Standard**

The Federal Rules of Civil Procedure prescribe a two-step process for a plaintiff to obtain a default judgment. First, when "a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). Second, after a default has been entered against a defendant, and the defendant fails to appear or move to set aside the default under Rule 55(c), the Court may, on a plaintiff's motion, enter a default judgment. Fed. R. Civ. P. 55(b)(2).

Once a defendant is found to be in default, he is deemed to have admitted all of the well-pleaded allegations in the complaint pertaining to liability. *Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp.*, 973 F.2d 155, 158 (2d Cir. 1992). However, a court retains the discretion to determine whether a final default judgment is appropriate. *Enron Oil Corp. v. Diakuhara*, 10

F.3d 90, 95 (2d Cir. 1993). In light of the Second Circuit's "oft-stated preference for resolving disputes on the merits," default judgments are "generally disfavored." *Id.* at 95-96.

Thus, despite a defendant's default, the plaintiff bears the burden of demonstrating that the unchallenged allegations and all reasonable inferences drawn from the evidence provided establish the defendant's liability on each asserted cause of action. *City of New York v. Mickalis Pawn Shop, LLC*, 645 F.3d 114, 137 (2d Cir. 2011); *Au Bon Pain Corp. v. Artect, Inc.*, 653 F.2d 61, 65 (2d Cir. 1981). In other words, "after default . . . it remains for the court to consider whether the unchallenged facts constitute a legitimate cause of action, since a party in default does not admit conclusions of law." *Rolls-Royce PLC v. Rolls-Royce USA, Inc.*, 688 F. Supp. 2d 150, 153 (E.D.N.Y. 2010) (internal quotations and citations omitted).

**II. Cardinal Energy Group's Liability**

Crawford seeks default judgment on his single cross-claim for indemnification against Cardinal. In a minute entry dated April 17, 2020, I ordered the Clerk of Court to enter a default against Cardinal for its failure appear or defend against Crawford's cross-claim. ECF No. 68. Thereafter, the Clerk of Court entered a default against Cardinal on April 30, 2020. ECF No. 70.

Having defaulted, Cardinal is deemed to have admitted all of the well-plead facts pertaining to Crawford's cross-claim. *Greyhound Exhibitgroup, Inc.*, 973 F.2d at 158. The Court must now determine whether Crawford has sufficiently proven his claim for indemnification. "To establish defendant's liability on a default judgment arising from a breach of contract claim, three factors must be considered by the district court: (1) whether defendant's default was willful; (2) whether ignoring the default would prejudice the opposing party; and (3) whether defendant has presented a meritorious defense." *NewBank v. Fig Tree Market LLC*, No. 19-CV-1855, 2019 WL 5537694,

at *2 (E.D.N.Y. Oct. 24, 2019) (citing *Swarna v. Al-Awadi*, 622 F.3d 123, 142 (2d Cir. 2010)). Examining each factor in turn, I respectfully recommend that Crawford has established liability.

### A. Cardinal's Default was Willful.

The record plainly indicates that Cardinal's default in this matter was willful. Cardinal originally retained counsel for both itself and Crawford, who subsequently filed an appearance and began defending this action. *See* Crawford Br. at 6, ECF No. 110; ECF No. 10 (Notice of Appearance on Behalf of Cardinal, Crawford). However, thereafter Cardinal failed to maintain communication with its counsel and failed to pay outstanding legal fees, leading to two motions to withdraw being granted against Cardinal. *See* Min. Orders Dated Jan. 17, 2018, Apr. 17, 2020. Cardinal has also defaulted in its defense of Plaintiff's cause of action in this matter, leading to a default judgment entered against Cardinal for $152,210.90. Thus, Cardinal's default in this matter was plainly willful.

### B. Denying a Default Judgment in this Case Would Prejudice Crawford.

Denial of a default judgment in this case would leave Crawford without an avenue to secure relief from Cardinal. Cardinal has failed for some time to participate further in this action, leaving Crawford to defend against and successfully reach a settlement in this matter. Crawford Br. at 7, ECF No. 110. Cardinal has further failed to answer Crawford's cross-claim for indemnification for such expenses. With no other avenue for relief, denial of default judgment at this stage would prejudice Crawford. *Mason Tenders Dist. Council v. Duce Constr. Corp.*, No. 02-CV-9044 (LTS) (GWG), 2003 WL 1960584, at *2 (S.D.N.Y. Apr. 25, 2003) (finding that denial of a default judgment motion would be prejudicial to plaintiff since "there are no additional steps to secure relief in this Court").

### C. Cardinal Has Failed to Present a Meritorious Defense.

Cardinal has failed to present any defense against Crawford's claim for indemnification and has instead admitted that it is required to indemnify Crawford under the terms of Cardinal's bylaws. Section IX.01 of the Bylaws states:

> The Corporation shall indemnify any person who was or is a party or is threatened to be made a party to any proceeding, whether civil, criminal, administrative or investigative ... by reason of the fact that such person is or was a Director, Trustee, Officer, employee or agent of the Corporation, or is or was serving at the request of the Corporation as a Director, Trustee, Officer, employee or agent of another corporation, partnership, joint venture, trust or other enterprise, against expenses (including attorneys' fees), judgments, fines and amounts paid in settlement actually and reasonably incurred by such person in connection with such action, suit or proceeding if such person acted in good faith and in a manner such person reasonably believed to be in or not opposed to the best interests of the Corporation . . . . Crawford Br. at 3, ECF No. 110.

Furthermore, Cardinal has admitted to Crawford in communications submitted with this motion for default judgment that "[p]rovided that there is no finding of unlawful activity on Mr. Crawford's behalf, the Company is required to indemnify him pursuant to its Bylaws." *Id*. No such finding has been made and Cardinal raises none in defense of this cross-claim. Thus, Cardinal has no meritorious defense to Crawford's cross-claim and Crawford has sufficiently shown liability for his claim.

### III.     Damages and Remedies

As liability has been established, this Court must now ascertain damages with "reasonable certainty." *Credit Lyonnais Sec. (USA), Inc. v. Alcantara*, 183 F.3d 151, 155 (2d Cir. 1999). To prove damages, the movant need only show that the "compensation sought relate[s] to the damages that naturally flow from the injuries pleaded." *Greyhound Exhibitgroup*, 973 F.2d at 159. An evidentiary hearing is not required so long as there is a basis, demonstrated through detailed affidavits and other documentary evidence, for the damages awarded. *See Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp.*, 109 F.3d 105, 111 (2d Cir. 1997); *Action S.A. v. Marc*

*Rich & Co.*, 951 F.2d 504, 508 (2d Cir. 1991).

Here, Plaintiff has submitted with its motion for default judgment Cardinal's bylaws and Crawford's employment agreement with Cardinal establishing the scope of indemnification, as well as declarations from Crawford and his attorney with supplemental exhibits establishing the amounts paid in the settlement of this matter and legal fees to Crawford's counsel.

Plaintiff requests total damages of $87,106.32 comprising of the following:

i. $35,000.00 paid to Plaintiff in settlement of this matter.

ii. $42,106.32 in attorney's fees and costs incurred by Mr. Patrick McHugh, counsel of record for Crawford. See Crawford Br. at 5, ECF No. 110.

iii. $10,000.00 paid to Basile Law Firm, P.C. as a retainer for additional counsel in negotiating Crawford's settlement with Plaintiff.

I examine each requested sum in turn.

### A. Settlement Sum.

Cardinal's Bylaws expressly call for indemnification for "amounts paid in settlement." Crawford Br. at 3, ECF No. 110. In evidence of this settlement, Crawford relies on the declaration of his attorney, Mr. Patrick McHugh, and a copy of the check issued to Plaintiff in this case in settlement of this matter. McHugh Decl. at ¶ 7, ECF No. 109; Ex. B, ECF No. 111. This combined with the record corroborating the settlement between Plaintiff and Crawford, is more than sufficient to ascertain Crawford's damages as to the settlement amount paid with reasonable certainty. I therefore recommend Crawford be awarded $35,000 as indemnification for the settlement paid to Plaintiff.

B. *Attorney's Fees for Counsel of Record.*

Under the "American Rule" attorneys' fees are recoverable when allowed by statute or an enforceable contract providing for such fees. *Summit Valley Indus., Inc. v. United Brotherhood of Carpenters & Joiners*, 456 U.S. 717, 721 (1982); *U.S. Fidelity & Guar. Co. v. Braspetro Oil Servs. Co.*, 369 F.3d 34, 74 (2d. Cir 2004).

However, even when a plaintiff may recover attorneys' fees under the terms of a valid contract, plaintiff retains the burden of demonstrating the reasonability of such fees. *Eastern Savings Bank, FSB v. Robinson*, No. 13-CV-7308, 2016 WL 3365091, at *8. Reasonable fees are "the product of a reasonable hourly rate and the reasonable number of hours required by the case. *Millea v. Metro-N R.R. Co.*, 658 F.3d 154, 166 (2d Cir. 2011) (quoting *Arbor Hill Concerned Citizens Neighborhood Ass'n v. City of Albany*, 522 F.3d 182, 183 (2d Cir. 2007)).

"An application for attorney's fees must be supported by accurate, detailed, and contemporaneous time records." *Robinson,* No. 13-CV-7308, 2016 WL 3365091, at *9 (quoting *La Barbera v. ASTC Labs, Inc.*, 752 F. Supp. 2d 263, 277 (E.D.N.Y. 2010)) (internal quotations omitted). Even when supported by such documentation "hours that were excessive, redundant, or otherwise unnecessary to the litigation" are note recoverable. Id at *10 (quoting *Cho v. Koam Med. Servs. P.C.*, 524 F. Supp. 2d 202, 237 (2d Cir. 1987)) (internal quotations omitted).

Plaintiff's counsel submits invoices spanning approximately 1.5 years detailing approximately 100 hours worked in that time. *See* Ex. A, ECF No. 109-1. During that time, counsel has appeared multiple times before this Court both in-person and telephonically, prepared and filed an amended answer with Crawford's cross-claim and counterclaims, prepared and filed a motion for summary judgment, and successfully negotiated a settlement between Crawford and

Plaintiff. Accordingly, I recommend the Court find 100 hours to be a reasonable number of hours worked.

To determine whether an hourly rate is reasonable, "a district court should generally use the prevailing hourly rates in the district where it sits." *Joseph v. HDMJ Rest., Inc.*, 970 F. Supp. 2d 131, 155 (E.D.N.Y. 2013). "Courts in the Eastern District of New York award hourly rates ranging from $200 to $450 per hour for partners, $100 to $300 per hour for associates, and $70 to $100 per hour for paralegals." *Robinson*, No. 13-CV-7308, 2016 WL 3365091, at *8. Plaintiff's counsel has over three decades experience as an attorney and charges an hourly rate of $465. McHugh Decl. at ¶ 8, ECF No. 109. Counsel also reduced his typical hourly rate for Crawford to $400 as of May 2020. Counsel has billed Crawford for a total of $42,106.32, inclusive of costs. While counsel was, at one point, charging an hourly rate above what this District typically awards, the total amount requested is ultimately less than if counsel had charged the top hourly rate recognized in this district of $450 for 100 hours. *See Robinson*, 2016 WL 3365091, at *8. As such, I respectfully recommend that the $42,106.32 requested is the result of a reasonable hourly rate and reasonable number of hours worked, and further recommend that this Court award attorneys' fees in that amount.

### C. Retainer for the Basile Law Firm

Crawford also seeks indemnification for $10,000 provided to the Basile Law Firm as a retainer for additional legal services provided to settle the matter between Crawford and Plaintiff. According to Crawford, the Basile Law Firm fully drew down the $10,000 provided. Crawford Decl. at 5, ECF No. 108. Essentially, Crawford's request is an additional request for attorneys' fees and is subject to the same reasonableness or "lodestar" standard detailed above. *C.D. v.*

*Minisink Valley Cent. Sch. Dist.*, No. 17-CV-7632 (PAE), 2018 WL 3769972, at *3-4 (S.D.N.Y. Aug. 9 , 2018).

However, in contrast to the detailed records of invoices submitted by Crawford's counsel of record, Crawford has submitted no evidence to demonstrate the reasonableness of the $10,000 the Basile Law Firm allegedly used for providing legal counsel to Crawford. Instead, Crawford merely asserts in his declaration that the retainer was used for "file review, assistance in preparing for trial and a combined new attempt to secure a settlement." Crawford Decl. at 5, ECF No. 108. Crawford further provides a copy of the wire transfer to the Basile Law Firm for the retainer. *Id*. Ex. 2, ECF No. 108-1. This is insufficient to determine the reasonableness of the Basile Law Firm's fees, as the Court has no way to determine what work was performed over what period, the hourly rates charged, or even whether the work was performed by partners, associates or legal assistants. A lodestar calculation is therefore impossible. As such, I recommend the Court deny Crawford's request for $10,000 in indemnification for the retainer paid to the Basile Law Firm.

## CONCLUSION

For the reasons set forth above, this Court recommends that Crawford's motion for default judgment be GRANTED and that he be awarded $77,106.32 for his claims for indemnification and attorney's fees. This Court further recommends that Crawford's request for $10,000 in indemnification for money given to the Basile Law Firm be DENIED.

## OBJECTIONS TO THIS REPORT AND RECOMMENDATION

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b)(2) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from service of this Report and Recommendation to file written objections. Failure to file timely objections shall constitute a

waiver of those objections both in the District Court and on later appeal to the United States Court of Appeals. *See Marcella v. Capital Dist. Physicians' Health Plan, Inc.*, 293 F.3d 42, 46 (2d Cir. 2002); *Small v. Sec'y of Health & Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989); *see also Thomas v. Arn*, 474 U.S. 140 (1985).

**SO ORDERED.**

/s/ Steven Tiscione<br>
Steven L. Tiscione<br>
United States Magistrate Judge<br>
Eastern District of New York

Dated: Central Islip, New York
       August 18, 2023